IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LESLIE EVANS, | : |
| Petitioner, | : |
| vs. | : CIVIL ACTION NO. 11-00544-KD-B |
| CARTER F. DAVENPORT, *et al.*, | : |
| Respondents. | : |

**REPORT AND RECOMMENDATION**

Leslie Evans, an Alabama prison inmate proceeding pro se, brought this action seeking habeas relief under 28 U.S.C. § 2254. This matter has been referred to the undersigned Magistrate Judge for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B), Local Rule 72.2(c)(4), and Rule 8 of the Rules Governing Section 2254 Cases, and is now ready for consideration.[1] Upon careful consideration, it is recommended that the petition be dismissed as a successive petition under 28 U.S.C. § 2244(b)(3)(A).

**I.   NATURE OF PROCEEDINGS**

In 1978, Evans was convicted of capital murder in the Circuit Court of Escambia County, Alabama. He received a

---

[1] The record is adequate to determine Petitioner's claim; thus, no federal evidentiary hearing is required. Kelley v. Sec'y for Dep't of Corr., 377 F.3d 1317, 1333-35 (11th Cir. 2004), cert. denied, 545 U.S. 1149 (2005).

sentence of life without the possibility of parole. (Doc. 10-1, p. 2). On October 3, 1978, Evans' conviction and sentence were affirmed on appeal in by the Alabama Court of Criminal Appeals.[2] (Id.). However, on application for rehearing, the appellate court reversed Evans' conviction and remanded the case.[3] (Id.). After being re-indicted for capital murder, Evans entered a guilty plea and was sentenced on January 3, 1980 to life without the possibility of parole. (Doc. 10-1, pgs. 4-5). Evans later challenged his conviction by filing a writ of error coram nobis in Circuit Court of Mobile County.[4]  The writ was denied by the Circuit Court, and on appeal, the Alabama Court of Criminal Appeals affirmed the denial on February 15, 1985. (Id. at p. 5).

Evans filed his first federal habeas petition in this Court, namely Evans v. Jones, CA No. 89-00813-RV-M, on October 23, 1989. (Id. at pgs. 5-6).  All of Evans' claims were found to be procedurally defaulted, and his petition was dismissed on January 8, 1993.[5] (Id.). On appeal, the Eleventh Circuit affirmed the denial of Evans' habeas petition on March 1, 1995. (Id.).

---

[2] Evans v. State, 362 So. 2d 1284 (Ala. Crim. App. 1978).

[3] Evans v. State, 372 So. 2d 37 (Ala. Crim. App. 1979).

[4] Evans v. State, 466 So. 2d 178 (Ala. Crim. App. 1985).

[5] Evans raised the following claims in the petition:
(Continued)

Evans filed a second federal habeas petition with this Court, namely Evans v. Sutton, CA No. 95-00795-AH-C, on October 5, 1995. (Doc. 10-1, p. 6). Upon review, the Court determined that it was precluded from reaching the merits of any of the claims raised in Evans' second petition on account of the successive petition doctrine and the abuse of the writ doctrine. Thus, Evans' second habeas petition was dismissed, and his application for certificate of probable cause was denied. Evans v. Sutton, CA No. 95-00795-AH-C, (Doc. 22). The Eleventh Circuit Court of Appeals also denied Evans' application for a certificate of probable cause. (Id.; Doc. 23).

In the instant petition, Evans challenges his 1980 conviction, and raises the following claims:

(1) "The trial Court never acquired jurisdiction to rendered the Null/Void judgment [sic] or to impose the punishment for Count II or his alleged indictment charging a none [sic] capital crime allegedly perpetrated without "premeditation"; and (2) The trial

---

(1) the indictment was void, fatally defective and insufficient; (2) ineffective assistance of trial counsel; (3) involuntary guilty plea; (4) the capital murder statute under which he was convicted has since been found unconstitutional; and (5) insufficiency of the evidence. (Id.).

Court never acquired jurisdiction to rendered the judgment or impose the punishment, had he been guilty of Count I of the indictment and his conviction/punishment is null/void [sic]". (Doc. 5).

Respondent contends that the instant habeas petition should be dismissed because, having previously filed a petition for habeas relief in this Court[6], Evans was required to apply to the Eleventh Circuit Court of Appeals for leave in order to pursue the instant successive habeas petition. Thus, this Court lacks jurisdiction to review Evans' petition pursuant to 28 U.S.C. § 2244(b)(3)(A) without authorization from the Eleventh Circuit Court of Appeals. (Doc. 10, p. 3).

## II. ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 ("ADEPA") added the provision under 28 U.S.C. §2244(b)(3)(A), which requires that "'[b]efore a second or successive application [for a writ of habeas corpus] is filed in the district court, the applicant shall move in the appropriate

---

[6] A review of PACER also reveals that Petitioner has two prior habeas petitions from the Northern and Middle Districts of Alabama. Evans v. Hooks, CA No. 01-01595-IPJ-RRA (dismissed as successive); Evans v. Dees, CA No. 00-01270-ID-CSC (dismissed as successive).

court of appeals for an order authorizing the district court to consider the application.'" Guenther v. Holt, 173 F.3d 1328, 1330 (11th Cir. 1999) (quoting 28 U.S.C. § 2244(b)(3)(A)), cert. denied, 528 U.S. 1085 (2000).

As noted supra, Evans' first federal habeas petition was filed on October 23, 1989, and was dismissed on January 8, 1993. His second habeas petition, filed on October 5, 1995, was dismissed as successive on August 16, 1996. His current petition, filed on November 16, 2011, is clearly a successive petition. As such, this Court lacks jurisdiction to entertain the current petition absent Evans first obtaining permission from the Eleventh Circuit Court of Appeals. Hill v. Hopper, 112 F.3d 1088, 1089 (11th Cir.), cert. denied, 520 U.S. 1203 (1997). Evans has not alleged nor demonstrated that he obtained an order from the Eleventh Circuit authorizing this Court to consider the instant petition. U.S. v. Holt, 417 F.3d 1172, 1175 (11th Cir. 2005); Farris v. U.S., 333 F.3d 1211, 1216 (11th Cir. 2003). Because the record is devoid of any evidence demonstrating that Evans has obtained permission from the Eleventh Circuit Court of Appeals to file this successive habeas petition, this Court lacks jurisdiction to consider his request for habeas relief.

**III. CERTIFICATE OF APPEALABILITY**

Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) of the Rules Governing 2254 Cases (December 1, 2009). A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

When a habeas petition is dismissed on procedural grounds, such as in the instant case, without reaching the merits of any underlying constitutional claim, "a COA should issue [only] when the prisoner shows ... that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000); see Miller-EL v. Cockrell, 537 U.S. 322, 336, 123 S. Ct. 1029, 1039, 154 L.Ed. 2d 931 (2003)("Under the controlling standard, a petitioner must 'show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'").

In the instant action, Evans has not applied to the Eleventh Circuit Court of Appeals for permission to file this, his third federal habeas petition in this Court. Thus, this Court is without jurisdiction to consider the instant petition. Farris v. U.S., 333 F.3d 1211, 1216 (11th Cir. 2003)("Without authorization, the district court lacks jurisdiction to consider a second or successive petition."). Under the facts of this case, a reasonable jurist could not conclude either that this Court is in error for dismissing the instant petition or that Evans should be allowed to proceed further. See Slack, 529 U.S. at 484, 120 S. Ct. at 1604 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."). Accordingly, the undersigned recommends that the Court conclude that no reasonable jurist could find it debatable whether Evans' petition should be dismissed. As a result, he is not entitled to a certificate of appealability.

**IV. CONCLUSION**

For the reasons set forth above, the undersigned recommends that the Court conclude that no reasonable jurist could find it debatable whether Evans' petition should be dismissed as

successive, and as a result, Evans is not entitled to a certificate of appealability.

The attached sheet contains important information regarding objections to the report and recommendation of the Magistrate Judge.

DONE this the **13th** day of **February, 2012.**

                                                      **/s/ SONJA F. BIVINS**
                                            **UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>**

1. <u>Objection</u>. Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. <u>See</u> 28 U.S.C. § 636(b)(1)(C); <u>Lewis v. Smith</u>, 855 F.2d 736, 738 (11th Cir. 1988). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days[7] after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

---

[7] Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]" <u>Fed. R. Civ. P. 72(b)(2)</u>.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.   Opposing party's response to the objection.  Any opposing party may submit a brief opposing the objection within ten (10) days of being served with a copy of the statement of objection. Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

3.   Transcript (applicable where proceedings tape recorded). Pursuant to 28 U.S.C. § 1915 and Fed. R. Civ. P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.