```
           IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF ALABAMA
                     SOUTHERN DIVISION
```

LESLIE EVANS,                         :
                                      :
     Petitioner,                      :
                                      :
vs.                                   :  CIVIL ACTION NO. 11-00544-KD-B
                                      :
CARTER F. DAVENPORT, *et al.,*        :
                                      :
     Respondents.                     :

## REPORT AND RECOMMENDATION

This action, which has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636[1], is before the Court on Petitioner Leslie Evans' Motion for Leave to Appeal In Forma Pauperis (Doc. 19). Evans, an Alabama prisoner proceeding *pro se*, filed this action seeking habeas corpus relief under 28 U.S.C. § 2254. Evans' habeas petition was dismissed as a successive petition on March 22, 2012 (Docs. 16, 17), and his motion for a certificate of appealability was denied on June 4, 2012. (Docs. 25, 26).

---

[1] Since this recommendation is made after a referral pursuant to 28 U.S.C. § 636(b)(3), the plaintiff does not have an opportunity to file objections. Minetti v. Port of Seattle, 152 F. 3d 1113, 1114 (9th Cir. 1998)("Section 636(b)(3) does not provide a party with ten days to file written objections with the district court."); United States v. Woods, 2009 U.S. Dist. LEXIS 117531 (S.D. Ala. Dec. 17, 2009); United States v. Gibbs, 2008 U.S. Dist. LEXIS 105254 (S.D. Ala. Dec. 23, 2008). The Clerk is therefore directed to refer this matter to the District Judge for her consideration without the necessity of a waiting period.

An appeal may not be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, that the appeal is not taken in good faith. 28 U.S.C. 1915(a)(3); Fed. R. App. P. 24(a)(3). A party demonstrates good faith by seeking appellate review of any issue that is not frivolous when judged under an objective standard. See Coppedge v. United States, 369 U.S. 438, 445, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962); Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999); United States v. Wilson, 707 F. Supp. 1582, 1583 (M.D. Ga. 1989), aff'd., 896 F.2d 558 (11th Cir. 1990). An issue is frivolous when it appears that the legal theories are "indisputably meritless." See Neitzke v. Williams, 490 U.S. 319, 327, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Or, stated another way, an *in forma pauperis* action is frivolous, and thus not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001). "Arguable means capable of being convincingly argued." Sun v. Forrester, 939 F.2d 924, 925 (11th Cir. 1991) (per curiam).

Because Evans has not made the requisite showing for the issuance of a certificate of appealability, the undersigned finds that there are no non-frivolous issues to raise on appeal;

2

thus, his Motion for Leave to Appeal In Forma Pauperis (Doc. 19) should be denied. Accordingly, the undersigned recommends that Evans' Motion for Leave to Appeal In Forma Pauperis be denied.

DONE this **26th** day of **June, 2012.**

            /s/ SONJA F. BIVINS
          **UNITED STATES MAGISTRATE JUDGE**